AO93 Search and Seizure Warrant

FILED ☒
RECEIVED ___
LODGED ___
COPY ___

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

MAY - 6 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

In the Matter of the Search of
550 N. Arciga Drive, San Luis, AZ 85349

Case No.  26-1355MB

**(Filed Under Seal)**

## SEARCH AND SEIZURE WARRANT

**SEALED**

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachments A-1 and A-2.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before ___5/20/2026___ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for __30__ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 5/6/2026 at 2:16 pm _____

*Judge's signature*

City and state: <u>Yuma, Arizona</u>          <u>Honorable James F. Metcalf, U.S. Magistrate Judge</u>
*Printed name and title*

## ATTACHMENT A-1

*Property to be Searched*

The property to be searched is 550 N. Arciga Dr., San Luis, Arizona 85349 (the "Subject Premises"), further described as a light-colored (off-white or beige) stucco, single-family residence with a low-pitched red or reddish-brown shingle roof. The front of the residence faces east toward N. Arciga Dr. and includes a covered carport on the right (north) side of the structure, supported by vertical posts, with a concrete driveway leading from the street into the carport area.

The front entry door is located slightly left of center on the front (east-facing) side of the residence and appears to be a solid, light-colored door. There are multiple front-facing windows with light-colored trim.

A low decorative metal fence with a sliding gate encloses the front yard, which is primarily dirt or gravel. The property to be searched includes the entire residence and all structures, outbuildings, storage areas, and vehicles located within the curtilage of the Subject Premises.



## ATTACHMENT A-2

*Vehicle(s) to be Searched*

1.     A blue 1980 Chevrolet pickup truck bearing Arizona Historic Vehicle plate H5R6 (VIN: CKL14AF375138). The vehicle is registered to Eric MEJIA at 550 N. Arciga Dr., San Luis, Arizona 85349.

2.     A green 2005 Jeep Wrangler bearing Arizona license plate 6HA1P1 (VIN: 1J4FA49S15P351396). The vehicle is registered to Eric MEJIA at 550 N. Arciga Dr., San Luis, Arizona 85349.

3.     A gray 2016 Nissan Altima bearing Arizona license plate K3A04W (VIN: 1N4AL3AP5GC241396). The vehicle is registered to Leslie Michelle CAMPAGNE at 550 N. Arciga Dr., San Luis, Arizona 85349.

4.     A gray 2018 GMC Sierra Denali pickup truck bearing California license plate 99250B4 (VIN: 3GTU2PEJ1JG110736). The vehicle is registered to Angel AVLVAREZ at 1017 P Mendoza St., Calexico, California 92231.

5.     Any other vehicle(s) located within the curtilage of the **Subject Premises**.

2

**ATTACHMENT B**

*Property to be seized*

The following items, which constitute evidence, fruits, and/or instrumentalities of violations of 18 U.S.C. § 554 (smuggling goods from the United States), 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 2 (aiding and abetting), and 18 U.S.C. § 924(o) (possession or transfer of machine guns), and related offenses involving the acquisition, storage, transfer, and smuggling of firearms, ammunition, and other contraband from the United States into Mexico:

1. Firearms, ammunition, and related items

   a. Any and all firearms of any make, model, or caliber.

   b. Ammunition of any caliber, including loose rounds and ammunition in original or aftermarket packaging.

   c. Firearm parts, components, and accessories, including but not limited to: frames/receivers, barrels, slides, bolts, magazines, optics, stocks, grips, suppressors, conversion devices, and similar items.

   d. Firearm storage, transport, or concealment items, including cases, safes, bags, containers, and modified or false compartments designed to conceal firearms or ammunition.

   e. Firearm-related paraphernalia, including but not limited to: gun cleaning kits and supplies, holsters, slings, ammunition belts, original box packaging, targets, spent casings or projectiles, and any other items evidencing possession, use, storage, or transfer of firearms and ammunition.

   f. Records, receipts, or other documents showing the purchase, sale,

3

transfer, storage, disposition, or dominion and control over firearms, ammunition, and firearm parts and accessories.

2.   Packaging, concealment, and transport materials

   a. Materials, tools, and equipment used or intended to be used to package, conceal, transport, or smuggle firearms, ammunition, or other contraband, including but not limited to:

   1) Boxes, crates, pallets, duffel bags, backpacks, luggage, and containers;

   2) Plastic wrap, shrink wrap, tape, straps, seals, and other packaging materials;

   3) Tools used to create or access hidden compartments, traps, or false panels in vehicles or containers; and

   4) Plans, diagrams, photographs, or notes depicting concealment methods or modifications to vehicles or containers.

3.   Proceeds and financial records

   a. United States and foreign currency, financial instruments, negotiable instruments, money orders, cashier's checks, and any other items of value reasonably believed to be proceeds of, or used to facilitate, the smuggling or trafficking of firearms, ammunition, or other contraband.

   b. Books, records, receipts, ledgers, notes, invoices, and any other documentation (paper or electronic) relating to the acquisition, storage, sale, transfer, export, or smuggling of firearms, ammunition, or other contraband, and the receipt, transfer, or concealment of proceeds from such activity.

   c. Records relating to the receipt, transportation, deposit, transfer, or

4

distribution of money, including but not limited to: bank records, account statements, deposit slips, withdrawal slips, wire transfer records, money transfer service records, payment app records, checks, and documents reflecting expenditures of proceeds (e.g., receipts for large purchases, vehicle purchases, or other assets).

4.  Indicia of occupancy, control, and association

    a.  Indicia of occupancy, residency, rental, ownership, or use of the **Subject Premises** and Subject Vehicles during the execution of the warrant, including: utility and telephone bills, mail, canceled envelopes, rental, purchase or lease agreements, identification documents, keys, records of real estate transactions, vehicle titles and registrations, insurance documents, and vehicle maintenance records.

    b.  Photographs, videos, or other images (physical or electronic) depicting firearms, ammunition, contraband, currency, vehicles, the **Subject Premises**, co-conspirators, or locations used to store or stage contraband.

5.  Electronic storage media and digital evidence

    a.  Cellular telephones, smartphones, tablets, laptop and desktop computers, external hard drives, USB drives, SD cards, memory cards, and any other electronic storage media capable of storing data (hereafter collectively referred to as "electronic storage media").

    b.  Records evidencing ownership, use, or control of any electronic storage media, including sales receipts, registration records, service records, or records of payment.

6.  Any records and information found within the digital contents of any electronic storage media seized from the **Subject Premises** or Subject

5

Vehicles, including but not limited to:

a. All information related to the acquisition, sale, purchase, receipt, storage, shipping, export, importation, transportation, transfer, or possession of firearms, ammunition, firearm parts, or other contraband.

b. All information related to buyers, sellers, suppliers, couriers, coordinators, or other associates involved in the smuggling or trafficking of firearms, ammunition, or contraband (including names, nicknames, addresses, telephone numbers, user names, or other identifying information).

c. All bank records, checks, credit card bills, account information, payment app records, cryptocurrency wallet information, or other financial records related to the proceeds of, or payments for, smuggling or trafficking activity.

d. All information regarding the receipt, transfer, concealment, or use of proceeds from the acquisition, sale, or smuggling of firearms, ammunition, or contraband.

e. Any information recording schedules or travel, including itineraries, tickets, reservations, maps, GPS data, and location information relevant to routes, stash locations, or meeting points.

f. Evidence of who used, owned, or controlled any electronic storage media at relevant times, such as device identifiers, logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, email accounts, contacts, "chat" or messaging application logs, photographs, and address books.

g. Evidence indicating how and when electronic storage media were

6

accessed or used to determine the chronological context of access, use, and events relating to the offenses under investigation.

h. Evidence indicating the user's state of mind as it relates to the offenses under investigation, including searches, drafts, notes, or communications reflecting planning, coordination, or consciousness of guilt.

i. Evidence of the attachment to an electronic storage medium of other storage devices or similar containers for electronic evidence.

j. Evidence of counter-forensic programs or applications (and associated data) designed to conceal, encrypt, or destroy data.

k. Passwords, encryption keys, and other access devices that may be necessary to access any electronic storage media or data contained therein.

l. Documentation and manuals that may be necessary to access, operate, or conduct a forensic examination of any electronic storage media.

m. Records of or information about Internet Protocol (IP) addresses used by electronic storage media.

n. Records of or information about Internet activity of electronic storage media, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms entered into any Internet search engine, and records of user-typed web addresses.

o. Contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" include all forms of creation or storage, including any form of computer or electronic storage (such as hard disks, flash media, or other digital media that can store data); any handwritten form (such as notes or

lists); any mechanical form (such as printing or typing); and any photographic form (such as prints, slides, negatives, videotapes, motion pictures, or photocopies).

This warrant authorizes the review of records and information seized, copied, or disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described herein. The review of such electronic data may be conducted by any government personnel assisting in the investigation, including, but not limited to, law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. A complete copy of the seized, copied, or disclosed electronic data may be delivered to the custody and control of attorneys for the government and their support staff for their independent review.